The next final case called this morning is 121681, People v. Brown, Agenda No. 8. Counsel, are you ready? Take your time. Good morning, Your Honors. Counsel? My name is Anne Fick from the Office of the State Appellate Defender. I represent Petitioner Appellant Anthony Brown. May it please the Court. Most criminal cases are adjudicated for guilty plea proceedings, and maintaining the integrity of the plea process is essential to the fair administration of justice, and that integrity is based on the assurances that guilty pleas are made knowingly and voluntarily, with the effective assistance of counsel. Mr. Brown based his decision to plead guilty on incompetent advice from his attorney about sentencing consequences. His plea was not knowing, and permitting it to stand without an evidentiary hearing erodes the integrity of that plea process. It excuses the constitutional violations of a defendant's right to due process and ineffective assistance of counsel. As we're all familiar with, the Strickland requirements state that a defendant claiming an ineffective assistance of counsel claim must show that the attorney's performance was deficient under the prevailing standards, and that the prejudice resulted from that. Traditionally, prejudice is shown by demonstrating a reasonable probability that but for counsel's errors, the results of the proceedings would have been different. And at the second stage, a defendant must show the substantial showing of a violation of a constitutional right. Ms. Fick, are you asking us to overrule Risley, Hall, and Hughes? No, sir. No, I'm asking that it be applied in this specific situation differently. Can you expand on that? Yes, absolutely. Risley, Hughes, and Hall occurred under different circumstances. First of all, under Risley, the major difference between that and this case is that he received a third stage hearing. And that's what Mr. Brown is asking for in this situation. Additionally, Risley and Hall, their guilty pleas or their claims of ineffective assistance of counsel were based on trial strategy, incorrect information about trial strategy, whereas Mr. Brown's was about sentencing consequences. So the innocent, plausible defense standard that applies in situations where there's incorrect advice about trial strategy does not apply to the situation, because whether or not he was innocent or had a plausible defense does not relate to his knowing and voluntary guilty plea. Now, are you getting there because of United States v. Lee? Yes. In Lee, the defendant agreed to plead guilty. He based it on his attorney's repeated assurance that no deportation would occur if he pled guilty. His attorney was wrong. Mr. Lee filed a motion to vacate, and he received an evidentiary hearing. The lower courts denied his motion to vacate, stating that in light of the overwhelming evidence of guilt, he would have almost certainly gotten a longer sentence and been deported after trial. The Supreme Court, however, held that Lee has demonstrated a reasonable probability that, but for this counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. And in making those findings, there are several very relevant points to Mr. Brown's case. First of all, the focus of the inquiry. Whether deficient performance leads to a guilty plea, the question is not whether a different outcome at trial would have occurred rather than a plea bargain. The question is whether the defendant was prejudiced by the denial of the entire judicial proceedings. And this is how to consider Mr. Brown's case. Decision-making was key to the decision in Lee. Lee actually uses a scenario like Mr. Brown's to illustrate the point that even the smallest chance of success may be relevant to a defendant's decision to plead guilty. For example, it's stated, a defendant with no realistic defense to a charge carrying a 20-year sentence may nevertheless choose a trial if the prosecution's offer is 18 years. In Mr. Brown's case, for example, his plea bargain was for 18 years. Which he thought would be served at 50% for nine years. Had he been acquitted on the case that was dismissed, or no lacrosse, he would have received 21 years minimum. 18 years at 85% versus 21 years at 85% may not be incredibly unreasonable for him to consider going to trial. Additionally, in Lee, there was the separation and the distinguishing between guilty pleas that were based on incorrect advice about trial strategy and guilty pleas based on incorrect advice about sentencing consequences. Lee knew the prospects for acquittal at trial were grim. But his attorney's error had nothing to do with that. The error affected his understanding of the consequences of the guilty plea. Which is the same situation as Mr. Brown's. Additionally, Lee actually encourages evidentiary hearings. It says that you are not to upset a guilty plea solely because an ad hoc assertion that the defendant would not have pled guilty but for his counsel's deficiencies. But it states that judges must look to a contemporaneous evidence to substantiate a defendant's expressed preferences. Lee additionally warns against a per se application of the innocent plausible defense standard. The danger in creating the per se rule is that the defendant with no viable defense cannot show prejudice from the denial of a right to trial. Categorical rules are ill suited for that kind of inquiry that depends on a case by case examination of the totality of the evidence. It overlooks the inquiry that focuses on the defendant's decision making process. A per se application, which the state essentially advocates for in its brief, eliminates the ability of my client to seek relief for an involuntary and unknowing guilty plea based on incompetent advice from his counsel about sentencing consequences. In Lee, he also receives an evidentiary hearing as in Risley. The error in Mr. Brown's case was equally as evident. He was told several times that his guilty plea would result in a sentence of 18 years served at 50%, not 85%. That's objectively incorrect under the statute. The record indicates that Mr. Brown relied on that error, and his petition stated it several times. He stated it in his motion to reduce sentencing, which was dismissed. It was consistent throughout the record that he had relied on that. So if there's an error, he would be entitled to a hearing without any showing of prejudice? No. Well, that is one way of looking at it. I believe that error has to be shown, and the reliance on that error has to be shown in this situation, where the guilty plea was made on an understanding of counsel's affirmatively provided incorrect advice. And it's at the third stage evidentiary hearing where the determinations of the veracity of the claim, the credibility, is all determined at that point. Mr. Brown is asking for a third stage evidentiary hearing here. Is the issue that there's a plausible reason for the plea, you say that that requires an evidentiary hearing? I do, yes. We can't just look at the record here and say, this defendant was charged with a series of serious crimes in plea bargaining. The state agreed to dismiss all of these serious crimes, and therefore it was a plausible reason for him to plead despite the incorrect advice of his counsel. You're saying you can't do that in a short evidentiary hearing? I'm saying that that has to be established at an evidentiary hearing. What can be shown is at a second stage is the two requirements. Show that there was an error, and show that you had relied on that. And the reliances are not their allegations, but specific examples of bad advice that he was given by his attorney. So what was the plausibility, if I could use that word? What is your argument as to what his state of mind was? We have to get into the defendant's state of mind here. And the Supreme Court seems to be telling us that we're supposed to look at what kind of choices did the defendant have. And you're saying that here in this situation, the fact that the state was willing to dismiss the more serious charges is really of no moment? Correct. I'm saying that at the second stage where we're at, the plausibility has not yet been determined. And it has not yet been proven, because all allegations are taken as true and liberally construed at the second stage. So for all intents and purposes, Mr. Brown had been given bad advice, and he relied on that advice in pleading guilty. And so there's always got to be a hearing where the defendant testifies what he was thinking. In this situation, again, because it's particular to the facts here, where it was a fully negotiated guilty plea, affirmatively given bad advice about sentencing consequences, if a defendant shows that reliance and the error and that reliance with some information and evidence that it actually occurred rather than a defendant saying, my attorney gave me bad advice, I want a third stage hearing. Whereas in my case, the defendant said, he told me several times, I asked him specifically before we went to trial, he showed me the paperwork saying, look, there's no 85 percent here, you're going to be fine. Those are enough to get him to that third stage hearing. He just needs an opportunity to prove those allegations. And that's where it's done at the third stage hearing. Mr. Fick, tell me why I started out by saying why we wouldn't have to overrule certain cases. Here's a quote from Hughes, and why isn't this directly contrary to your argument? It says, we have previously explained that a bare allegation that the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient. Now, I know you say that the hearing is going to include those deficiencies. It says it's not enough to establish prejudice. Rather, we have found that a defendant must assert either a claim of actual innocence or articulate a plausible defense that could have been raised at trial. And that quote quotes Lafler v. Cooper, a U.S. Supreme Court case. Is that not directly contrary to your position? We're not asking to overrule that because the innocence plausible defense is certainly applicable in situations. For example, in People v. Hall, where the defendant was not told about a kidnapping defense that he could have had. Absolutely, that applies there. But in the situation where the innocence plausible defense does not have anything to do with his knowing and understanding involuntary entry of a guilty plea, that should be determined at a third stage hearing. Isn't that all encompassed under the deficiency of trial counsel? As far as... A bare allegation the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient. Everything you're talking about goes to the deficiency of trial counsel, right? The not knowing the ramifications, all that? And the client's and the defendant's reliance on that. And this says that that's not enough. That attorney deficiency is not enough. For this particular situation, this standard should be applied. So I'm not asking that it be overruled entirely. I'm asking that it be applied to the specific situation just as Lee was, where they did not abandon the bare allegation or innocence plausible defense. They stated that in a situation where a sentencing consequence based on an attorney's incompetent advice leads to a pleading that is not knowing or voluntary, then in that situation the defendant could get relief. Aren't you saying, counsel, that basically it's not a real defense to the allegations in the charge? It's about the sentencing. And you're asking the court to recognize the fact that the defendant could make choices not about his defense, but about the sentencing process. Therefore, because he got bad information, he would have not taken the plea with regard to the 18 years. Yes. So that's different than the plausible defense on the substantive issue. He just was going to take his chances with the trial. At the maximum it would be 21 years versus the 18 years with 85%. And to him it didn't make any difference. Right. The record shows that the amount of time that he was willing to accept was nine years. So 18 years served at 50% would be nine years. He even stated, I would have taken the plea if it was at nine years. So that's clearly what he was basing his decision on. The reason that he should take this to the third stage evidentiary hearing, and the reason why this doesn't open the floodgates, is because it relates specifically to this type of situation. Guilty pleas must be knowing and voluntary. And if they're not, and if the allegations that he made at the second stage are taken as true as they must be, then for all intents and purposes, he did not enter a knowing and guilty plea. So a third stage evidentiary hearing is where that determination can be made, where the credibility weighed, where the evidence can be presented, and at that point is when his ineffective assistance counsel claim is proven. I do want to point out that what I'm asking this court to consider is not new. In Korea in 1985, this court already recognized the importance of a knowing and voluntary plea. It recognized that Strickland does not always apply. It recognized that the application depends on the specific facts, and not all cases neatly fit into the rubric provided by Strickland. Now I'm not asking to overturn Strickland. I'm not asking that it not be applied anywhere. I'm just stating that at this particular stage. In Korea, they said that in Strickland, the defendant was dealing with an adversarial trial setting. But in Korea, he was dealing with advice given by counsel in a private office, which undermined the defendant's decision to plead guilty. Pleas made in reliance on advice of attorneys who have demonstrated incompetence, it's not a voluntary plea. And the resolution of whether those pleas are made knowingly and voluntarily depends on if the defendant had an effective assistance of counsel at guilty plea. Of course, that brings us back to prejudice. The prejudice should be shown at the third stage in this particular set of circumstances. He was denied due process because he was denied the entire judicial proceedings because he relied on bad advice. And that can be shown at the third stage. The allegations must be taken as true, as I've noted. Therefore, without allowing him to show this evidence at the third stage, that's permitting an involuntary and unknowing guilty plea. The evidence that you're asserting is just that he would not have taken this plea because of the advice. That's the evidence, right? You're saying he would have taken nine years. That's what he believed he was entering into. Right, but back to the prejudice problem. By the way, let me get this. The Hughes Court also looked at Padilla v. Kentucky and said that a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances. And what you're talking about at some third stage hearing isn't to show that anybody, it would be rational to want to go to trial if indeed the plea was anything over nine years. That's not what you're saying the evidence is going to support the third stage hearing. You're saying it's just enough for the defendant to say I would have taken nine years and anything over that I was going to trial. That's not exactly how I'm trying to phrase it because the reliance on that bad advice is something that can be demonstrated at the second stage. Additionally, in Lee, the court noted that a client without a plausible defense or without a viable defense, it may have been just as important to him to roll the dice and try for a trial. In my client's situation, 18 years, so that 85% had he known that would be it, versus a 21 years if he was convicted only on the dismissed charge, that's not much of a difference for him. But because he pled guilty based on his attorney's advice that it was 18 years at 50%, he believed he was serving nine years. He gets to the prison and he's serving five plus. Right, but you would, this is just a quick follow-up, at no stage under your analysis would the defendant be required to show that it was a rational decision as Padilla would require, that it would be rational under the circumstances. You're not asserting that at any stage the defendant would have that obligation. I'm showing that, excuse me, I'm asserting that at the third stage, that obligation can be shown when the evidence is available and when the allegations are weighed because they're taken as truth. So at this stage, as far as we know, as far as being liberally construed, he had an involuntary and unintelligently entered guilty plea. Does that answer your question? Your time has expired. Thank you, Your Honors. May it please the Court, Counsel, I'm Assistant Attorney General Michael Sabula on behalf of the people of the State of Illinois. There are two straightforward ways to resolve this appeal. First, the record directly rebuts defendant's claim that he pled guilty based on a representation from his counsel that he would only have to serve half of his 18-year prison sentence. In cases like Ramirez, Jones, Torres, and Greer, this Court has repeatedly held that when a defendant tells the trial court during a plea hearing that no undisclosed promises have been made to induce him to plead guilty, he may not later claim in a post-conviction petition that he pled guilty based on bad advice and on the length of his sentence.  At the plea hearing, the trial court advised the defendant, and the defendant expressly stated that he understood the charges against him, the evidence against him, the maximum and minimum sentences he faced, and that by pleading guilty he was waiving all of his trial rights. The trial court and the defendant then discussed in detail the exact terms of the plea bargain, that the defendant was agreeing to plead guilty to armed habitual criminal, that the home invasion charge would be dismissed, and the defendant was accepting an 18-year prison sentence. The trial court then asked the defendant, has anybody promised you anything else? And the defendant said no. The trial court then asked the defendant, were you coerced or threatened or anything else to enter into this deal? And the defendant said no. So he had multiple opportunities at this plea hearing to speak up, to say, wait, I think I'm only getting nine years under this deal. He never did. There was no discussion of good time credits or any other suggestion that he would serve anything less than 18 years in prison. And for that reason, the record directly rebutts his claim. Now, defendant has argued in his reply brief that what his lawyer provided was legal advice and not a promise, and so we should ignore the trial court's lengthy admonishments. But there's absolutely no authority for that argument. In this context, the law does not recognize a distinction between legal advice and promises. All of the cases we cite in our brief on this issue involve express legal advice about the length of defendant's sentence. And in all of those cases, this court held that the defendant's claim was meritless, and his petition should be dismissed without an evidentiary hearing, because at the plea hearing he said that no undisclosed promises had been made to him. And that rule makes sense, because defendants know what a judge means when he asks, has anybody promised you anything else? These kind of questions and admonishments are important to protect the finality of guilty pleas. One last point on this issue is that defendant has argued in his reply brief that at some point during the negotiations, his lawyer told him, apparently, don't play with these people, apparent reference to the prosecutors. But that's not the same thing as telling a defendant to remain silent during a plea hearing. This court has made admonishments meaningful, and we ask that it continue to do so by affirming dismissal on that ground. Unless there are any questions on that issue, I'd like to quickly turn to the second independent reason for affirming dismissal of this petition, and that's the issue of prejudice. This court has repeatedly held, in cases like Hughes, Risley, and Hall, that a bare allegation that but for counsel's bad advice, a defendant would have rejected a plea deal and insisted on going to trial is not enough to show prejudice. Instead, both this court and the United States Supreme Court have repeatedly held that a defendant must allege enough facts to show that it would have been rational to reject the plea bargain and go to trial. This defendant has not come close to meeting that standard. The only thing that this defendant has said is that if he had been properly informed about good time credits, he would have rejected the deal. That's not enough. That's the very definition of the kind of bare allegation that both this court and the U.S. Supreme Court have said is not enough. Let me ask you about Lee. Yes. It was decided June 23rd of this year. I bring it up now because Chief Justice Roberts talks about the government had asked in that case for a per se rule. The defendant with no viable defense cannot show prejudice from the denial of his, not having pled, and bad advice. Basically the same back kind of idea that we have here. The court rejects that. And the court says under Padilla, as Justice Thomas has read, that the standard in a plea setting is something different. It's this idea that the defendant must convince the court that a decision to reject the plea bargain would have been rational under the circumstances. So does Padilla and Lee, do they conflict with our cases? Or can we harmonize them? How do we deal with cases just that you've cited? We've said this big, broad, bright line rule that it looks like at first reading that the Supreme Court has rejected. I think they're actually fairly easy to harmonize, Your Honor. I think counsel may have tried to make a distinction between advice that relates to legal strategy and advice that relates to the ramifications of pleading guilty. In the first group, bad legal advice about strategy or potential defenses, the Supreme Court has very clearly said, the U.S. Supreme Court and this Court, that you must allege either that you were innocent or that you had a plausible defense you could have raised at trial. So that group is very easy. The second group, the distinction that counsel has tried to raise is, well, what about cases where the bad advice relates to the ramifications? We acknowledge that Lee does hold that in certain, to use Lee's language, rare cases or unusual circumstances, principally related to bad advice about deportation, a defendant does not necessarily have to allege that they are innocent or that they had a plausible defense. But I think what counsel is ignoring in her argument is that Lee expressly upholds the bare allegation rule. Lee still holds that in all cases relating to any kind of bad advice, a defendant still must allege enough facts to show that it would have been rational to reject the deal. And that defendant has not met that burden in this case is easy to see when you compare the allegations of Lee versus this case and the rationale of the United States Supreme Court. In Lee, the defendant submitted an extremely long, extremely detailed habeas petition. In it he alleged that on numerous occasions his counsel incorrectly told him that he would not be deported if he pled guilty. Most importantly, Lee expressly alleged that the only thing he cared about was avoiding deportation. He did not care how much time he had to serve in prison, he just did not want to be deported. And he alleged a number of specific facts in his petition showing why that was true. For example, he alleged that he had moved to the United States when he was a small child, he had lived here continuously for the last 35 years, his mother and father were both United States citizens, they were elderly and had some medical issues, he was the only person around that could take care of them. He alleged that he owned and operated two very successful restaurants in Memphis, Tennessee. And so for all of these reasons he wanted to remain in the United States and he would take any deal as long as he would not be deported. It was based on all of those specific allegations the United States Supreme Court said that Lee had met his burden to allege prejudice or to show prejudice. You really think it's driven by the deportation piece? I'm sorry? You think it's really that Lee is driven by deportation? I mean there's this big section where Chief Justice Roberts tries to balance, well if he pleads guilty he's going to be deported. Going to trial, well almost certainly he'll be deported. And so balancing all of that we say not everyone in Lee's position would make the choice to reject the plea, but we cannot say it was irrational to do so. At least the way the language is in Lee. The court is not looking at the heavy burden of deportation, they're looking at trying to say in this case what is rational or not. Exactly. Is that how we should apply this? I think so. In cases where it relates to the ramification of sentencing, I think what Lee is saying is you have to plead enough facts to show that it would be rational. Lee, as the United States Supreme Court said, met that burden. He alleged enough facts to show that that was such an important issue for him that it would have been rational for him to simply take his chances at trial, even if he didn't have really much of a chance to win. The Supreme Court specifically said in those kind of unique circumstances where the only thing you care about is avoiding deportation, it makes sense to reject a deal that will lead automatically to your deportation, even if your only hope is you get lucky perhaps with jury nullification at trial. Now, as compared to this case, the defendant has not alleged any special facts or any special circumstances, either in his petition or certainly in any of his briefs, to suggest why it would be rational to reject this deal. Not only has he not done that, there's no reason to believe he could do that, because this defendant had everything to lose by going to trial. The evidence against him, which consists of numerous eyewitnesses, including several police officers, can fairly be called overwhelming. And we know that if he had rejected this deal, he would have gone to trial, been convicted, and as the trial court said, he was 100 percent guaranteed to get a much worse sentence. And I say that for a couple of reasons. First of all, just on the home invasion charge alone, he faced a mandatory minimum of 21 years. Given the terrible nature of this crime, which involves the defendant breaking into a woman's house with a gun, threatening to kill her children, putting the gun against her daughter's head and trying to pull the trigger, and then charging the police officers who are responding to the attack and trying to shoot them, and given the fact that this defendant has a very long violent criminal history, we all reasonably know he would have received much more than the mandatory minimum of 21 years. So there would be no rational basis for him to have rejected this 18-year deal. He's never suggested any reason why it would have been rational for him to do so. And so for that reason, he has failed to meet the burden set by both this court and the United States Supreme Court. Two very quick points, if I may. Counsel, if I heard her correctly, said a couple points, that all that's necessary to be alleged is that the defendant relied on the advice. Unless I'm mistaken, I don't think that's an argument that was ever raised in the briefs. But even setting that aside, Lee does not say that you only have to allege that you relied on the advice. Lee says you must allege enough facts to show that it would have been rational to reject the deal. Also, counsel, if I understand the argument, is essentially that you should have the opportunity to prove your allegations at the evidence you're hearing, even if you only have a bare-bones allegation in your petition. But that is certainly not the law in post-conviction proceedings. It's settled law you must plead enough facts to make a substantial showing of a constitutional violation. This court has repeatedly said in a number of contexts that bare-bones allegations or conclusory allegations are not enough. That's all that this defendant has. And so unless there are any other questions, we would ask the court to affirm the appellate court's judgment. Thank you. Thank you. Thank you, Your Honors. The biggest thing to remember between Lee and this case is Lee had an evidentiary hearing. His attorney testified that he didn't believe his client had a good case. My client stated at a second stage that he did not, his attorney was wrong, that he relied on that advice. That's the big difference between Risley also and Lee. Lee is supported by the evidence because of that. Additionally, Lee focuses on a client's decision, the defendant's decision-making process, which is what differentiates this from other cases and precedent. Lee, whether or not there was an innocent or plausible claim of innocence or plausible defense, does not relate to a client's understanding of a guilty plea petition so that he entered it willingly and voluntarily. And at this stage, that is what we're asking, is that he be given the opportunity at a third stage to have the testimony where the facts are weighed and the veracity is weighed. Additionally, in Lee, the fact that there was overwhelming evidence of guilt was not what turned the case. It's the fact that the defendant, in his position, it could have been rational for him. The most important thing for most defendants is the amount of time that they are going to serve in prison. And the Lee decision specifically focuses on the decision-making process. And here, the decision-making process was contaminated by this bad advice. Additionally, whether Mr. Lee would have won at trial is not known. Sure, like Lee, he may have had a slim chance, but that slim chance may have been all that he needed. There could have been any number of reasons why this could have turned out differently. Most importantly, is that the state has to prove its burden. So there's, the reasons for this case, that it needs a third stage evidentiary hearing, is that Mr. Lee's, I'm sorry, Mr. Brown's decision-making was based on erroneous advice. The allegations he made at the second stage, which are to be liberally construed and taken as true, were enough to get him to that third stage, where then these decisions can be made. And the proper facts are before the court. If there are no other questions, we ask that Mr. Brown's case be remanded to the trial court for a third stage evidentiary hearing. Thank you, Your Honors. Thank you. Case number 121681, People v. Brown, will be taken under advisement as agenda number eight. Ms. Fick, Mr. Sabula, we thank you for your arguments today. You are excused. And, Marshal, the Supreme Court stands adjourned until 9 o'clock a.m. tomorrow morning.